## JAMES P. SIMPSON v. S. D. BURNETT, Appellant.

Division Two, June 11, 1923.

1. **FRAUD AND DECEIT: Pleading: Reliance and Deception: Scienter.** To constitute a good petition for damages alleged to have been caused plaintiff by defendant's alleged forgery of a deed conveying the interest of a deceased heir in land brought into partition and purchased by plaintiff, it is necessary to allege that plaintiff relied on the forged deed and was deceived, and that because of said deception he was induced to act to his injury. In a legal action for fraud and deceit the *scienter* is a necessary element to be alleged and proven. It is not enough to allege that defendant knew the deed was forged, and forged with the intent to deceive the purchaser; the petition must also contain an allegation from which it may be inferred that plaintiff was deceived, and by reason of such deception was induced to act to his injury by reliance on the forged deed.

2. ———: **Reliance Upon Forged Deed: Proof.** In order to recover damages in his action for fraud and deceit, alleged to have been caused by defendant's forgery of a deed from the owner, who claimed under outstanding unrecorded deeds, of the interest of a deceased heir in the land brought into partition, to which partition suit said owner was not made a party, the plaintiff, who purchased the land at the partition sale and afterwards settled

Simpson v. Burnett.

with such owner, must prove that he relied on said forged deed, known to be in existence, as genuine, and was deceived thereby to his injury.

3. ———: Evidence: Letters Addressed to Defendant: Notice to Produce: Admissions. Copies of letters addressed to defendant by an attorney for plaintiff are not admissible in evidence without notice to produce. Nor are the originals admissible except as admissions against interest, and they are not admissions where defendant was not silent when he should have spoken and he did not acquiesce in the accusations therein.

4. ———: ———: Transcript of Probate Court: Removal of Defendant as Administrator. In a suit for damages based upon the forgery of a deed to defendant from the grantee in a sheriff's deed conveying the interest of a deceased heir to said grantee, who by a prior unrecorded deed had conveyed to the wife of said heir, the transcript of the proceedings of the probate court, showing that defendant had been removed as administrator of the estate of said heir and that his wife had been appointed administratrix, is a link in the chain of facts tending to prove that defendant knew that said wife had been declared to be the legitimate wife of said heir and as tending to show intent and knowledge that said grantee had previously conveyed to her.

5. ———: ———: Covenant Not to Sue. In a suit for damages based on a forged deed to defendant, the covenant of the wife of the deceased heir, who claimed by a prior unrecorded deed from the same grantee, by which she agreed, in view of a payment to her of a certain amount of money in settlement of her claim, not to sue plaintiff for her interest in the land, is competent evidence, as tending to show good faith on the part of plaintiff.

6. ———: ———: Measure of Damages. The measure of damages sustained by the purchaser of land, induced by the fraud of defendant, is the difference between the real value of the property at the time it was purchased and the value it would have had had not the false representations been made; evidence of subsequently increased value is not competent. The title to three-fourths of the property being good, and the representations being that the purchaser was acquiring a good title to the remaining fourth, whereas he alleges his title to that fourth was based on a forged deed procured by defendant, the purchaser's measure of damages is the difference between the actual value of the property at the time he purchased and its value with the one-fourth interest deducted, limited by and not exceeding the amount paid by him in settlement with the true owner and the necessary expenses in defending the suit of such owner and obtaining title.

7. ———: ———: **Settlement With True Owner.** In a suit for damages by the purchaser of land, based upon a deed procured by defendant which it is alleged was a forgery, testimony tending to show that a settlement with the true owner, who claimed under prior unrecorded deeds, was made advisedly, in fairness and with an honest purpose, and offered for that purpose, is competent.

8. ———: **Instruction: Malice.** An instruction defining malice as the intentional doing of a wrongful act, without just cause or excuse, and telling the jury that ill-will, hatred or personal spite is not necessary to create legal malice, is not objectionable, where defendant by his instruction has submitted the issue of honesty of purpose and reasonableness of his excuse in procuring a deed alleged to be forged.

9. ———: ———: **Unrecorded Deed: Jury Issue.** An unrecorded deed is not void, and it is not error to permit the jury to decide whether the grantor in such deed had previously purchased at sheriff's sale an undivided interest in the land subsequently sold to plaintiff at partition sale.

10. ———: ———: **Comment on Evidence.** An instruction should not single out and give undue prominence to a particular fact. Even on the issue whether a certain deed was procured from the person whose name was signed to it, a general instruction on the burden of proof is applicable.

11. ———: ———: ———: **Forged Deed.** An instruction which singles out the fact that defendant wilfully and wrongfully forged the deed in issue, is an undue comment on the evidence, as is likewise one telling the jury that "if they believe defendant knowingly secured said deed."

12. ———: ———: **Unrecorded Deed: Notice.** An instruction telling the jury that if the grantee of the record owner failed to record her deed, the purchaser at the partition sale was without notice of such unrecorded deed and took a good title, should not be given, when the parties in the partition suit had actual notice of the outstanding title.

Appeal from Jackson Circuit Court.—*Hon. Willard P. Hall,* Judge.

Reversed and remanded.

*L. T. Dryden, Burrus & Burrus* and *Gossett, Ellis, Dietrich & Tyler* for appellant.

(1) At no place is it alleged that respondent in any manner relied in purchasing the land upon the alleged forged or false deed. There is no allegation that he would not have bought the land even at the price he paid for it, regardless of the alleged acts of the defendant. It was necessary for respondent to allege that he relied upon such deed. There is no allegation that Bertina H. Boyles in fact ever acquired or owned any interest in the land, nor is there any allegation that James A. Harlin, purported grantor in the alleged forged or false deed, ever in fact owned any interest in the land. For these omissions, the petition was insufficient to state a cause of action. Remmers v. Remmers, 217 Mo. 557; Morrow v. Franklin, 289 Mo. 563; 27 C. J. 36, sec. 156. (2) The court erred in refusing to sustain appellant's demurrer to the evidence at the close of plaintiff's case, and likewise erred in refusing to give the peremptory instruction in the nature of a demurrer to the evidence requested by appellant at the close of the entire case, for the reason that there was no testimony or other evidence that respondent purchased at the partition sale of the land in reliance upon the alleged forged or false deed. Secs. 1665, 2200, R. S. 1919. (3) Error was committed in admitting either of the three letters from respondent's attorney, Mr. Williams, containing hearsay and statements condemnatory and accusatory of defendant, and making demands of him. They were mere hearsay and self-serving statements and strongly prejudicial to appellant. (4) It was prejudicial and material error to admit the transcript of proceedings in the probate court by Bertina H. Boyles to remove and resulting in removal of appellant as administrator of the estate of Bloomer C. Boyles. The fact that she was the widow of Bloomer C. Boyles and that the appellant at one time supposed or even contended that she was not such widow, was not an issue in the case at bar. (5) Prejudicial error was committed by admitting over appellant's objection the instruments of settlement between respondent and Mrs. Boyles, called

"covenant not to sue." It contains hearsay and prejudicial statements amounting to a charge of complicity in wrong-doing by appellant with others. (6) If plaintiff's petition stated a cause of action, his damage, so far as the value of the land is involved, occurred when he bought at the partition sale on February 7, 1916; the damages in that respect should be governed by the price paid, or the then value of the land. It was, therefore, error for the court to admit over appellant's objection the plaintiff's evidence as to the largely increased value of the land as of January, 1920. So in cases of breach of warranty: Leet v. Gratz, 92 Mo. App. 422; Hazlett v. Woodruff, 150 Mo. 534. Similarly in cases of fraud and deceit: Caldwell v. Henry, 76 Mo. 254; Brownlee v. Hewitt, 1 Mo. App. 360; Schultz v. Chrisman, 6 Mo. App. 338. It was error for the court to permit respondent to testify that he had given a twelve thousand dollar mortgage on the land, which was outstanding at the time of the trial. This was admitted as tending to show the value of the land, over the objection of appellant. (7) It was error for the court to permit the witness Booher to testify in detail to the history of the case of Boyles v. Simpson, and the incentives, conclusions and actions of himself, associates and client in the trial and conduct of that case. (8) Respondent's Instruction 4 is erroneous in that it leaves entirely out of consideration the defendant's honesty of purpose and reasonableness of excuse in the doing of the alleged wrongful act. (9) The question whether or not James A. Harlin had purchased an undivided one-fourth interest in the land in question at the sheriff's sale against Bloomer C. Boyles, depended upon the validity of the sheriff's deed and was a question for the court to determine and not to submit to the jury. That deed was void for lack of record and the court should have so determined and sustained appellant's peremptory instruction. (10) The Instruction 3 singles out a single fact as to the burden of proof, viz: knowledge of defendant that the real Harlin did not

sign such deed. In this it accentuates such fact of knowledge as being the only material issue, and assumes that the real Harlin did not execute it. This in the face of the notarial certificate on such deed which made it prima-facie evidence. Comer v. Taylor, 82 Mo. 347; Stone v. Hunt, 94 Mo. 480; Golden v. Henson, 100 Mo. App. 20.

*Prince, Harris & Beery* for respondent.

(1)  Where the wrongful act of a defendant has involved the plaintiff in litigation with others, or placed him in such relation with others as to make it necessary to incur expense to protect his interest, such costs and expense should be treated as the legal consequence of the original wrongful act. Meyer v. Adler, 188 Mo. App. 607; First Natl. Bank v. Williams, 63 Pac. 745; Johnson .v. Meyers, 34 Mo. 255; Regier v. Accident Co., 202 Mo. App. 184; Osborne v. Ehrhardt, 15 Pac. 590; Rectenbaugh v. Porthuron Co., 118 N. W. 697; Loan & Sav. Assn. v. Pickrell, 56 S. W. 500; Town of Duxbury v. Rd. Co., 26 Vt. 751. (2)  Where a wrong has been committed which has involved the plaintiff in litigation with others, the plaintiff has a right to, in good faith, make the best compromise he can, and is not bound to submit to an adverse judgment. Regier v. Accident Co., 212 Mo. App. 184. (3)  A petition which sets out specifically the acts of the defendant which constitutes a fraud and followed by another averment to the effect that a gross fraud was thereby worked upon the plaintiff, to his damage, sufficiently alleges that plaintiff had reliance and was deceived. Morrell v. Franklin, 233 S. W. 224. (4)  Fraud or bad faith can rarely be proved by direct evidence. Therefore, where fraudulent intent was the gist of the inquiry, evidence should be allowed to take a wide range, in order that other transactions of the party accused not only contemporaneous with the transaction in controversy, but previous and subsequent to it, which have a material tendency to explain the motives with which it may

have been effected. Manheimer v. Harrington, 20 Mo. App. 297; Massey v. Young, 73 Mo. 260, 273; Sawyer v. Walker, 204 Mo. 103; Jones v. Ins. Co., 184 Mo. App. 402. (5) Where a party offers an instruction which contains a vice, and it is refused, he may not complain that another instruction containing a similar vice was given. Harding v. Mo. Pac. Ry. Co., 248 Mo. 333. (6) Where a document is admissible for some purpose, it becomes incumbent upon the party against whom it is introduced to object to such portions thereof as are deemed incompetent or irrelevant and to request an instruction, asking the jury to disregard such incompetent or irrelevant portions. Unless this is done, all objections are waived. An objection to the whole document certainly should be overruled. Wilkins v. Railway, 101 Mo. 93. (7) Where violation of a legal right is shown, the novelty of the proceeding will not of itself operate as a bar to redress. It is an ancient maximum that where there is a right, there is a remedy. 38 Cyc. 423; Jukek v. Goldman, 150 N. Y. 176. (8) It is not necessary to show the reasonableness of items of expense such as traveling expenses, hotel bills, etc. They being ordinary charges which the general public would be required to pay for such service. Such items in the case at bar total about $30. Chaperon v. Electric Co., 67 Pac. 928.

DAVIS, C.—This is an action in damages for fraud, brought in the Circuit Court of Jackson County to the June term, 1920, wherein plaintiff recovered judgment against defendant for $4,976.25 compensatory and $5,000 punitive damages. The motions for a new trial and in arrest of judgment being overruled, defendant appeals.

The petition alleges in substance: That on or about February 7, 1916, plaintiff purchased a certain farm in Andrew County. That on November 10, 1917, Bertina H. Boyles filed suit against plaintiff praying that he be divested of an undivided one-fourth interest in said land, and offered strong evidence of her legal demand. That

Bertina Boyles offered incontestible proof that a purported deed of October 18, 1915, from James A. Harlin, to certain named heirs of Martin D. Boyles, deceased, in plaintiff's claim of title, was a forgery. That defendant procured the execution of and caused the forged deed to be recorded, while suppressing a valid unrecorded deed from Harlin to Bertina H. Boyles, coming to defendant's possession while acting as administrator *de son tort* of Bertina's husband's estate, and as a direct result, plaintiff was, on January 16, 1919, compelled to compromise and settle with Bertina to stop costs and the loss of a one-fourth interest in said farm. That the itemized expenditures amounted to $2,976.75. That the procuring of said false and fraudulent deed by defendant was a wilful, intentional and malicious act and a gross fraud, and that as a direct result plaintiff employed lawyers and incurred costs, expending the above amount, and was further damaged in prosecuting the litigation, causing him worry, vexation and mental distress in sum of $2,000. Prayer for judgment for $4,976.75 and for $5,000 punitive damages.

Defendant filed a general demurrer, and on the court overruling it, filed and went to trial on a general denial.

It appears from the record that one Martin D. Boyles, who died in March, 1891, devised the Andrew County land to his wife, who died July 19, 1915, for life, with remainder to his five children, one of whom, Cora E. Burnett, was the wife of defendant. In November, 1893, the interest of George M. Boyles, his son, was sold and acquired by his four brothers and sisters. Another son, Bloomer C. Boyles, formerly the legitimate husband of Bertina, later divorced, but at his death in March, 1912, her common-law husband, as the probate court found, left no descendants. In 1908, under a judgment and execution, the interest of Bloomer C. Boyles in said land was sold to James A. Harlin for $200, for which he received a sheriff's deed, acknowledged in open court, but never recorded.

In February, 1913, defendant was appointed administrator of Bloomer Boyles's estate, but was later removed, and Bertina appointed administratrix, for that she was his widow. In November, 1915, in Andrew County, William C. Boyles brought suit to partition the land, all possible parties being made defendants, except said Harlin and said Bertina. The petition alleged that Bloomer C. Boyles died intestate, leaving no descendants and no widow.

As the county records showed Harlin's interest in the land, defendant was advised that in order to make good title by partition, it was necessary to have said Harlin execute a deed. Defendant testified, on being so advised, that he made inquiry, was directed to a man who claimed to be Harlin and from him obtained a quit-claim deed. The facts relative to the procuring of the quit-claim deed are: Defendant was told by his attorney where Harlin could be found. He went to the address and a lady there told him that he would find Harlin at a saloon on West Twelfth Street, she thought, 216 or 218. Going into the saloon and finding a man standing there, he asked him if he knew James A. Harlin. He said he did. Defendant said: "Well, sir, I would like to see him on business." The man replied: "What do you want with him?" Said defendant: "I told him I wanted to see him in regard to some real estate." "Oh," said the man, "that Andrew County land?" Defendant said: "Yes, that's it." He told me he was the man. Defendant asked him what he would take to make a quit-claim deed to that Andrew County land. He said $100. Defendant asked him if he would make it for any less and he said he would not. So the defendant informed Mr. Williams (attorney for plaintiff in the partition suit) that he had found the man, and the deed could be secured for $100. Mr. Williams told him to buy it. Upon a telephone conversation, defendant went to the Washington Hotel, saw the man, made a deal with him and procured a quit-claim deed, which was drawn up by a Mr. Wade.

The man met defendant in the Schukert Building. The man took the quit-claim deed, was gone about two hours, when defendant again met him, gave him the money for the deed and gave it to Mr. Wade for inspection and later delivered the deed to Mr. Williams at Savannah. The deed was introduced in evidence. Defendant denied that he signed the name of James A Harlin to the deed.

The property was partitioned and sold to plaintiff. Defendant was paid $372.65 for services and to reimburse him for the money paid for the quit-claim deed. The decree provided that the proceeds of the sale be divided one-sixteenth to George and five-sixteenths each to William, Cora and Anna, devisees of Martin C. Boyles. Plaintiff and his wife purchased the land at the partition sale for $9,720. His wife died November 19, 1919.

On February 7, 1916, Bertina filed an ejectment suit for the land, claiming and undivided one-fourth interest and damages. A second count sought to quiet title, and set aside the alleged forged deed from Harlin to the defendants in the partition suit. There was a trial and the jury failed to agree. Plaintiff then settled that case with Bertina by paying her on January 15, 1920, $2,252.30. The settlement was evidenced by a writing, in which Bertina covenanted not to sue, agreed to dismiss her suit, and to get a quit-claim deed from Harlin to herself, which she did on January 29, 1920.

Bertina testified that in May, 1909, Harlin deeded her the property. She placed that with the sheriff's deed to Harlin in her sewing machine drawer, where it remained until December, 1911. She gave these deeds to her husband, Bloomer, who was going to Savannah, to be recorded. She never saw this deed from Harlin to her but once afterward and then in the probate court at Kansas City in October, 1919, in the possession of defendant and his attorney, Mr. Madison. On the sheriff's deed to Harlin, and the deed from Harlin to her, neither of which were ever recorded, she based her claim to the land and sued Simpson.

299 Mo.—16.

Daisy E. Curp, a notary public, testified that on May 12, 1909, she acknowledged Mr. Harlin's signature to a quit-claim deed, as shown by her notary's record, and that she also had a vague recollection of it.

James A. Harlin testified that he bought a one-fourth interest in the Andrew County land, at execution sale on June 18, 1908, and received the sheriff's deed therefor by mail. He produced an envelope in which he stated the sheriff's deed was mailed. Later, by quit-claim, signed and acknowledged, for $250, he conveyed the land to Bertina Boyles. On January 28, 1920, he conveyed by a second quit-claim, stated as in lieu of the former deed, the same land to Bertina Boyles. He denied that he signed the quit-claim deed of October 18, 1915, obtained by defendant, or that it was his signature.

Such other facts as we deem important will be forthcoming later.

I. Defendant complains of the action of the trial court in ruling adversely on his demurrer to the petition and the motion in arrest of judgment. He says there is **Fraud and Deceit: Pleading.** no allegation in the petition that plaintiff relied on the alleged forged deed, or that Bertina or Harlin acquired or owned any interest in the land.

This is an action for fraud. While the petition alleges that the deed of October 18, 1915, from Harlin to the heirs of Martin Boyles, was forged and directly procured by defendant, and that his act in procuring it was intentional, wilful, malicious and a gross fraud, it fails to state that the deed was known by defendant to be forged, that it was procured by him with the intention of deceiving the proposed purchaser at the partition sale, to-wit, plaintiff, that he was deceived thereby and that by his reliance upon the forged deed, plaintiff was induced to act to his injury. [Remmers v. Remmers, 217 Mo. l. c. 557.] While there may be sufficient in the petition to charge defendant with knowledge that the deed was forged, with intent to deceive the purchaser, it contains

no allegation from which we may infer that plaintiff was deceived and by virtue of the deception was induced to act to his injury by reliance on the forged deed. As was said in Morrow v. Franklin, 289 Mo. l. c. 563: "*Scienter* is an element necessary to be pleaded and proven in legal actions for fraud and deceit." So with deception and reliance. If plaintiff was not deceived or did not rely on the verity of the forged deed, he may not recover. Fraud is voidable, for the subject may deem it to his advantage, after discovery, to ratify or consummate the transaction. As the allegation that plaintiff was deceived and that he relied on the forged deed were omitted, the petition is insufficient. [27 C. J. p. 36.]

We think the petition ought to definitely state that Bertina owned the one-fourth interest in the land, showing the facts and circumstances of acquirement from Harlin.

II. Defendant says there is no evidence that plaintiff, in the purchase of the land at partition sale, relied upon the alleged forged deed; and that the unrecorded deed from the sheriff to Harlin and from Harlin to Bertina, could have constituted no title against plaintiff.

Proof: Reliance on Forged Deed.

Answering the last contention first, it suffices to say that the plaintiff and defendants in the partition suit, including defendant herein, even though the deed was unrecorded, had actual notice that the title was in Harlin, and so believing attempted to straighten the chain of title by procuring a deed from him, alleged to be forged.

We have searched the record diligently to find some proof tending to show that, in purchasing the land, plaintiff relied on the alleged forged deed as genuine. He testified that he had no conversation with defendant about the title of the land before he bought it. The record is barren of any inference that he discussed the title with any person whatsoever, that he made any inquiry, or that he saw an abstract of title or the alleged forged deed or that he relied upon it. He testified that he was not

interested in the partition proceedings. Plaintiff's counsel, in their brief, state that plaintiff did not talk to defendant prior to the purchase, nor did defendant make any representations other than procuring the forged deed, nor was there any relation between the two. Plaintiff testified that the one hundred acres was worth about $20,000, and that he paid $9,720 for same. If Bertina's interest, if any, at the time of settlement, was worth about $5,000, which, with the purchase price of $9,720, would total $14,720, it may be that, even under these circumstances, he considered the $20,000 farm a bargain and took his chances on retaining the whole property, even though he had grounds to suspect the deed forged. We hold there is no evidence in the record to show that plaintiff relied upon the forged deed in purchasing at the partition sale. It may be that upon a retrial of the cause, he can produce evidence consisting of some fact or circumstance tending to show reliance on the forged deed.

III. Plaintiff offered in evidence three letters from Mr. Williams, attorney for plaintiff to defendant, dated January 7, 16, 21, 1920, which defendant objected to as incompetent, irrelevant and immaterial, not the best evidence and hearsay.

Reliance: Must be Proved.

The purport of the above letter is that the Harlin deed procured by defendant was fraudulent, that he took a deed from a man who was not the owner of the land, and that defendant ought to be able to find him. That defendant's wife and the other heirs ought, in fair dealings, to pay back the money to plaintiff received from the quarter interest formerly owned by Bloomer Boyles; that Bertina had and could produce Harlin, and that it was folly to go on with the case; that plaintiff Simpson bought in good faith, relying upon this quit-claim deed and the abstract. Defendant answered the first letter, stating he had done all in his power to find Harlin and he had been willing to take Harlin's deed himself. Defendant's reply to the second letter was that Williams seems to have forgotten that defendant was only acting as agent

for Williams and the Martin Boyles heirs, and that Williams had all the facts before him as defendant had them, and urged him to buy the property for the heirs, from the sale of which defendant got nothing but a nominal sum for buying the property. Williams's third letter did not contemplate a reply and closed the correspondence. Defendant's objection that the letters were not the best evidence, was well taken, as plaintiff introduced copies without notice to produce. However, had plaintiff offered the originals, they could have only gone in on the theory of admissions against interest. We do not think that defendant was silent when he should have spoken or that he acquiesced in the accusations therein, as his replies were, in effect, denials. [22 C. J. p. 326.]

IV. Defendant objected to the admission of the transcript of the proceedings of the probate court (comprising the petition and order and judgment of court, showing that Bertina was the widow of Bloomer H. Boyles, and removing defendant as administrator **Transcript of Probate Court.** and appointing Bertina), because, not an issue. The above facts were links in the chain of plaintiff's evidence, tending to prove that defendant knew that Bertina had been declared Bloomer's widow, and to that extent at least, tended to show intent and knowledge.

V. (a) We do not think the admission of the covenant not to sue, error. Its purpose was to show the good faith of the settlement and the amount paid **Covenant Not to Sue.** in compromise by plaintiff. However, the court rightfully excluded certain portions.

(b) Defendant objected to the introduction of the quit-claim deed from Harlin and wife to Bertina, because hearsay, self-serving and after defendant's liability, if any, arose. This deed is called for in the covenant not to sue, and tends to show good faith in the settlement. The paragraph beginning, "This deed," and ending, "Grantee herein," should be excluded.

VI. Defendant says that the damages of plaintiff should be governed by the price paid or the then value of the land. We think the court should have excluded evidence of the increased value of the land and of the $12,000 mortgage, as not tending to show the value of the land at the time plaintiff purchased it. The **Measure of Damages.** measure of damages sustained by the purchaser, induced by fraud, is according to the weight of authority, the difference between the real value of the property purchased and the value which it would have had had the representations been true. The theory is that the defrauded party is entitled to the benefit of his bargain. [27 C. J. p. 92; Kendrick v. Ryus, 225 Mo. 150, l. c. 157; Ryan v. Miller, 236 Mo. 496, l. c. 508; Thompson v. Lyons, 281 Mo. 430.] The representation was the good title to the property. Plaintiff's measure of damages is the difference between the actual value of the property at the time of purchase and the value of the property with the one-fourth interest taken out, limited by and not exceeding the amount paid in settlement and the necessary expenditures in defending the suit and obtaining title.

VII. Defendant complains that there was no evidence of the reasonable value of the traveling expenses and court costs. The traveling expenses were **Expenses and Court Costs.** small items, but, even so, there must be some evidence of reasonable value. There also must be evidence that the court costs paid by plaintiff were those charged and fixed by the court. Being regulated by statute, they are fixed charges.

VIII. Defendant objected to the testimony of witness Booher found at pages 79 to 87 et seq. of the abstract. Defendant has generally referred us to thirty printed pages without pointing out specifically his objections. The testimony was introduced for the purpose

Simpson v. Burnett.

**Unspecified Objections.** of showing that the compromise with Bertina was made advisedly, in fairness and with an honest purpose. This evidence was generally admissible. We cannot encumber the opinion by specifically discussing each objection, for upon a retrial the same questions may not arise. However, the testimony should be limited to showing title and the right of recovery in Bertina, and the advisability of the settlement.

IX. The court should have excluded the relation by witness Chapman of his argument to the jury in proceedings, in probate court, to remove defendant. **Argument in Another Case.** It was not an admission, for defendant could not be expected to reply. Further, witness testified he had never seen the deed therein referred to.

X. (1) We see nothing in defendant's point that the court should have excluded the testimony of Mrs. Boyles that she received the deed for this land from James A. Harlin about May 13, 1909.

(2) The court did not commit error in permitting Mrs. Boyles to testify that she had stated in the removal proceedings in the probate court this statement to defendant: "This is my deed. My name has been erased and Bloomer's name has been put on it." This deed is an issue in the case. She based her right to recover on same. The erasure of her name and the insertion of Blomers, with defendant's knowledge, was evidence of his later fraudulent intent.

(3) The court committed error in permitting witness Booher to testify that, as attorney for Simpson, he out-figured Mrs. Boyles's attorney, and that he believed, in the settlement, he saved his client between $5,000 and $6,000.

(4) It was not error for the court to refuse to allow defendant to testify that he took out letters of administration on the estate of Bloomer at the request of his mother. His object was not material or relevant.

(5) Plaintiff's attorney ought to have couched his question differently in saying, "I am not going to say Harlin, because it was not Harlin." In the heat of a trial, however, attorneys may sometimes lose themselves.

XI. Defendant's criticism of plaintiff's Instruction 4 is not tenable. The instruction defines malice as the intentional doing of a wrongful act, without just cause or excuse, and tells the jury that ill-will, hatred or personal spite is not necessary to create legal malice. Defendant submitted the issue of honesty of purpose and reasonableness of excuse to the jury in his instructions given by the court.

Malice.

XII. Defendant's criticism of the court's Instruction 1 is that the court left it to the jury to say whether James A. Harlin had purchased an undivided quarter interest in the land. Defendant thinks this question ought to have been left to the court, and contends that the unrecorded sheriff's deed was void. The court was right in permitting the jury to determine the question, but defendant may not complain of such action for, if his contention is right, it added an unwarranted burden to plaintiff's cause. We know of no authority saying that an unrecorded sheriff's deed is void. We may say, however, that the instruction should require the jury to find that plaintiff relied upon the forged deed.

Jury Question.

XIII. We think that the court's Instruction 2 was error in basing recovery on the value of the land at the time of the compromise and settlement. It should have been based on the actual value of the land at the time of purchase. What we have heretofore said on the measure of damages is applicable here.

Measure of Damages.

XIV. The court's Instruction 3 singles out a particular fact. This instruction was an unwarranted comment on the evidence, giving undue prominence to a sin-

**Comment.** gle fact to-wit, that the burden was on the plaintiff to prove that the deed was procured from the true Harlin. A general instruction on a burden of proof would be applicable. [Burton v. Holman, 288 Mo. 70; Jones v. Railway, 287 Mo. l. c. 64.]

XV. Defendant's refused Instruction 11 should not have been given. It is subject to the same criticism as was the court's Instruction 3, for it singled out the fact that the jury must believe that defendant wilfully and wrongfully forged said deed. Defendant's Instruction 12 telling the jury that if it believes that defendant knowingly secured said deed, as set out in Instruction C1, is also subject to that criticism, for that it **Unrecorded Deed: Notice.** gives undue prominence to a single fact. Defendant's Instruction 13 was error and should not have been given. It tells the jury that, if Bertina failed to record the deed received from Harlin, then the plaintiff was without notice of such unrecorded deed and had a good title. This instruction does not conform to the facts, for the parties in the partition suit had actual notice of an outstanding title.

For the errors heretofore pointed out, we reverse and remand the cause to be tried in accordance with the views herein expressed. It is so ordered. *Railey* and *Higbee, CC.,* concur.

PER CURIAM:—The foregoing opinion of DAVIS, C., is hereby adopted as the opinion of the court. All of the judges concur; *David E. Blair, P. J.,* in the result.